## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. PARKER, SR.,** | \| |
| | \| |
| **Plaintiff,** | \| |
| | \| |
| **v.** | \|          **Case No. 13-CV-2372-DDC** |
| | \| |
| **CAROLYN W. COLVIN,** | \| |
| **Acting Commissioner of Social** | \| |
| **Security Administration,** | \| |
| | \| |
| **Defendant.** | \| |
| _____ | \| |

## MEMORANDUM AND ORDER

The Court has under consideration the following filings by plaintiff:  (1) Plaintiff Request Review of the Commissioner's Unfavorable Decision of the Evidence (Doc. 12) [hereinafter "Request for Review"]; (2) Motion Evidence is Construed Collectively (Doc. 14) [hereinafter "First Evidence Motion"]; (3) Motion for Evidence to be Accepted (Doc. 20) [hereinafter "Second Evidence Motion"]; (4) Motion Awarding the Plaintiff Judgment (Doc. 25); and (5) Entry of Default (Doc. 26), which is docketed as a Motion for Default Judgment.  In addition, it has under consideration a Motion to Strike (Doc. 22) filed by defendant.  All of the motions are now ripe for ruling.  For the foregoing reasons, the Court grants in part and denies in part the motion to strike; strikes several filings, including the Request for Review, as set out herein; denies the four motions filed by plaintiff; and sets new deadlines for the filing of required briefs.

### I.  BACKGROUND

Plaintiff commenced this action pro se on July 26, 2013, by filing a Civil Complaint (Doc. 1) against the Commissioner of Social Security ("Commissioner").  The Court granted him permission to proceed *in forma pauperis* and ordered the United States Marshal to serve the

Commissioner.[1]  Summons were returned executed.[2]  Plaintiff then filed an application for entry

of default with attached exhibits,[3] the Commissioner timely filed an Answer [4] with a certified

copy of the administrative record,[5] and the Court denied the application for default given the

filed Answer.[6]  Following that denial, plaintiff filed the Request for Review, "Plaintiff Response

to the Defendant Answer" (Doc. 13), and his First Evidence Motion.

Given the filings by the pro se plaintiff, uncertainty whether he intended the Request for

Review to constitute the brief required by D. Kan. Rule 83.7.1(d), and his documented history of

filing multiple motions for review and supplements in his prior social security appeal (Case No.

11-2541-JWL), the Court advised plaintiff that "it will allow him to file one brief which

conforms with the requirements of D. Kan. Rules 7.6 and 83.7.1(d)."[7]  In an effort to avoid

confusion as to whether he intended the Request for Review to be the required brief, the Court

directed him to file a notice expressing his intent on or before December 23, 2013.[8]  The Court

further ordered:

> If plaintiff does not intend the Request for Review (Doc. #12) to be his brief, the
> Court will strike the document and allow plaintiff until January 2, 2014 to file his

---

[1]*See* Doc. 5.

[2]*See* Docs. 6-8.

[3]*See* Doc. 10.

[4]*See* Doc. 9.  The Answer identifies the defendant as Carolyn W. Colvin, Acting Commissioner of Social
Security.  *See id.* at 1.  And the docket sheet now shows Ms. Colvin as the defendant.  Rule 25(d) of the Federal
Rules of Civil Procedure permits the automatic substitution.

[5]The Court will cite to the administrative record as "Tr."

[6]*See* Doc. 11.

[7]*See* Doc. 15 at 1-2.

[8]*Id.* at 2.

brief.  If plaintiff does intend the Request for Review (Doc. #12) to be his brief, defendant's response shall be due on January 22, 2013.  If plaintiff does not file a timely notice pursuant to this order, the Court will construe the Request for Review (Doc. #12) to be his brief and defendant's response shall be due on January 22, 2013.[9]

Three days after that order, plaintiff filed a "Brief of the Plaintiff" with the notation, " D. Kan. 83.7.1(d)."[10]  The next day, he filed "Submitting this Attachment to the Plaintiff Brief."[11] Two weeks later, he filed "Brief of the Plaintiff" that the Clerk has docketed as a supplemental brief.[12]  And then, on January 2, 2014, he filed his Second Evidence Motion and a "Memorandum and Order" that has been docketed as "Statement."[13]

On January 10, 2014, the Commissioner moved to strike the documents that exceed the Court's "one brief" limitation due to the uncertainty caused by plaintiff's filings.[14]  Plaintiff filed a response to the motion that provides no clarification, followed three weeks later by "An Attachment to the Plaintiff's Memorandum and Order."[15]  In March 2014, he filed his Motion Awarding the Plaintiff Judgment.[16]  And, on May 8, 2014, he moved for default judgment.[17]

---

[9]*Id.* (footnote omitted).  Because the Court issued the Order on December 9, 2013, the deadlines set for January 2013 obviously were intended to be set in 2014.

[10]*See* Doc. 16.

[11]*See* Doc. 17.

[12]*See* Doc. 19.

[13]*See* Docs. 20-21.

[14]*See* Doc. 22.

[15]*See* Docs. 23-24.

[16]*See* Doc. 25.

[17]*See* Doc. 26.

Defendant responded to that motion on May 16, 2014.[18]  No one has filed anything since.

## II.  SEEKING JUDICIAL REVIEW

The procedure for seeking judicial review of orders of administrative agencies, including appealing a social security decision, is well-established.  *See* 42 U.S.C. § 405(g); D. Kan. Rule 83.7.1.  As amended in March 2004, Rule 83.7.1 provides a comprehensive procedure for seeking review of an agency order.  To obtain review of such an order in this Court, including social security decisions, the claimant must petition for review as set out in D. Kan. Rule 83.7.1(a)(1).  Although plaintiff's pro se Complaint does not comply with all provisions of that subparagraph, the Court liberally construes it as petitioning for judicial review under § 405(g).  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that pro se pleadings are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers").  The Commissioner, moreover, treats the Complaint as a social security appeal under § 405(g).  *See* Answer at 1-2.

As required by § 405(g)[19] and D. Kan. Rule 83.7.1(c)(1),[20] the Commissioner filed the administrative record with her answer.  Consistent with the statute and local rule, the certified copy of the transcript of the administrative record should contain (A) the order sought to be reviewed; (B) the report or findings on which the order is based; and (C) "the pleadings, evidence, and proceedings before the agency."  *See* D. Kan. Rule 83.7.1(b)(1); 42 U.S.C. §

---

[18]*See* Doc. 28.

[19]"As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g).

[20]"In review proceedings, the agency must file the record with the clerk of this court when it files its answer unless the statute authorizing review provides a different time."  D. Kan. Rule 83.7.1(c)(1).

405(g).  A stipulation or court order may supply or correct any material omissions from or misstatements in the record.  *See* D. Kan. Rule 83.7.1(b)(2).  And the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g) (referred to as sentence-six remand).

The filing of the administrative record started a forty-five day deadline for plaintiff to "serve and file a brief conforming to the requirements of D. Kan. Rule 7.6."  *See* D. Kan. Rule 83.7.1(d).  Following service of that brief, the Commissioner has thirty days to respond, followed by a fourteen-day period for the party seeking review to file a reply brief.  *Id.*  After the filing of these briefs, "[t]he court will render a decision upon the briefs and the record, without oral argument, unless the court otherwise directs."  *Id.*

Three days after the Commissioner filed her Answer, plaintiff filed his Request for Review, followed quickly by a response to the Answer and his First Evidence Motion.  To facilitate the briefing procedure in this social security case and in an attempt to streamline and clarify the filings, the Court issued its December 9, 2013 order wherein it limited plaintiff to filing one brief; set a December 23, 2013 deadline for him to inform the Court whether he intended his Request for Review to be his one brief; set a January 2, 2014 deadline for filing a brief (if plaintiff did not want the Request for Review to be his one brief); and set a January 22, 2014 deadline for the Commissioner to file her responsive brief.

Despite that court order, plaintiff's subsequent filings have only confused matters further.  Prior to the December deadline, he filed a brief and an exhibit in support.  But neither filing

states his intent regarding whether he wants the Request for Review to serve as his one brief. And then, prior to his January deadline, he filed another brief, his Second Evidence Motion, and a "Memorandum and Order." At that point, plaintiff had demonstrated he did not intend to comply with the one-brief limitation.

Although plaintiff may intend his many filings to assist the Court, they have done the opposite. In light of the various filings by plaintiff, the Commissioner properly sought clarification through her motion to strike. Plaintiff's response to that motion does not clearly indicate which of the numerous filings he intends to be his one brief. In fact, none of his filings provide a sufficient basis for the Court to determine which filing it should consider his brief. The Court will not speculate or attempt to determine the filing that might best serve that purpose. It is plaintiff's responsibility to file a brief in accordance with D. Kan. Rules 83.7.1(d) and 7.6. And it is his responsibility to comply with the December 9, 2013 order. Although the Court could construe multiple filings to serve as plaintiff's brief, as the Court did in his earlier social security appeal, *see Parker v. Astrue*, No. 11-2541-JWL, 2012 WL 1154493, at *1 (D. Kan. Apr. 5, 2012), the circumstances here do not favor that approach. The Court has affirmatively stated that it will allow plaintiff to file just one brief. To allow plaintiff to disregard that order would essentially render the order meaningless.

Under the facts of this case, it appears most appropriate to strike several of plaintiff's filings and to reset the briefing deadlines in accordance with D. Kan. Rule 83.7.1(d). Although this approach may slightly delay resolution of this action, the delay results from plaintiff's own conduct and appears warranted to put this action back on track. Accordingly, the Court partially grants the motion to strike and hereby strikes Docs. 12, 16, 17, 19, 21, and 24 because they do

6

not comply with the one-brief limitation.[21]  While the Commissioner also asks the Court to strike plaintiff's Second Evidence Motion, the Court declines to do so.[22]

Plaintiff has had ample opportunity to comply with the December 9, 2013 order.  The Court, nevertheless, grants him until July 2, 2014, to file his one comprehensive brief in accordance with D. Kan. Rules 83.7.1(d) and 7.6.[23]  The Court will not consider any filing that it deems to violate the one-brief limitation.  The Commissioner shall serve and file a responsive brief by August 1, 2014.  The Commissioner will be under no obligation to respond to any brief filed in violation of the one-brief limitation.  Following the filing of the Commissioner's responsive brief, Plaintiff may file a single reply brief on or before August 15, 2014.  The Court will not consider any filing that it deems to violate the one-reply limitation.  After the filing of the briefs permitted by Rule 83.7.1(d), the Court will render a decision in this case.

Plaintiff bases his motion for judgment on the failure of the Commissioner to file a responsive brief within the deadline set in the December 9, 2013 order.  But under the circumstances of this case, the Commissioner justifiably withheld her response pending ruling on her motion to strike.  The Court, moreover, has set a new briefing schedule for this action.  Accordingly, it denies the Motion Awarding the Plaintiff Judgment (Doc. 25).  Similarly, the failure of the Commissioner to file a responsive brief does not justify entry of default judgment.  The Court thus denies the Motion for Default Judgment (Doc. 26).

---

[21]While the Commissioner does not seek to strike Doc. 24, plaintiff filed it as a supplement to Doc. 21. Accordingly, the Court strikes it for the same reasons as Doc. 21.

[22]The Commissioner does not ask the Court to strike any other filing, so the Court does not strike Doc. 13. But the Court also notifies the parties that it does not construe that filing to be plaintiff's brief under Rule 83.7.1(d). In sum, this filing has no bearing on this case's outcome.

[23]These rules are available on the Court's official internet site at http://www.ksd.uscourts.gov/local-rules.

These rulings resolve all matters currently before the Court, except for the two evidence

motions (Docs. 14 and 20), which the Court considers in the next section as motions for a

sentence six remand.  *See Parker v. Astrue*, No. 11-2541-JWL, 2012 WL 280640, at *1 (D. Kan.

Jan. 31, 2012) (considering a similar pro se motion the same way).

### III.  MOTION FOR SENTENCE SIX REMAND

Through his First Evidence Motion, plaintiff asks the Court to enter all evidence he

submitted with his "Entry of Default" (Doc. 10).  He attached the following documents to Doc.

10:  (1) medical note dated October 10, 2011; (2) portions of the Code of Federal Regulations;

(3) a document from the Social Security Administration dated July 18, 2013; (4) a medical note

dated July 8, 2013; and (5) an undated letter from a jury clerk excusing plaintiff from jury duty.

(*See* Doc. 10-1 at 1-11.)  Through the Second Evidence Motion, plaintiff asks the Court to enter

into evidence portions of the Code of Federal Regulations and the July 8, 2013 medical note.

"On judicial review of a Commissioner's decision, a court is generally confined to the

record before it."  *Carrillo v. Barnhart*, 79 F. App'x 395, 396 (10th Cir. 2003).  However,

pursuant to sentence six of 42 U.S.C. § 405(g), when a party shows the existence of material new

evidence and good cause for not incorporating the evidence into the record, the courts "may at

any time order additional evidence to be taken before the Commissioner of Social Security."  To

warrant a sentence six remand, the courts must generally "determine that the new evidence

would have changed the [Commissioner's] decision," which implicitly requires "that the

proffered evidence relate to the time period for which the benefits were denied."  *Hargis v.*

*Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991).  As stated in plaintiff's earlier action, evidence

that is "already in the administrative record . . . cannot qualify as 'new' evidence justifying

remand pursuant to sentence six." *Parker v. Astrue*, No. 11-2541-JWL, 2012 WL 280640, at *3 (D. Kan. Jan. 31, 2012).

The administrative record in this case already contains the October 2011 medical note. (*See* Tr. at 681.)  It is contained within documents submitted to the Appeals Council for review. (*See* Index of Exs. (Doc. 9-1).)  That the Administrative Law Judge ("ALJ") did not review the evidence "does not require a remand." *Parker*, 2012 WL 280640, at *4.  The Appeals Council considered the evidence.  (*See* Tr. at 519.)  Accordingly, the Court will consider the evidence when it conducts its judicial review of the Commissioner's decision.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).  The October 2011 medical note does not justify a sentence six remand.

The administrative record also contains the document dated July 18, 2013.  (*See* Tr. at 518-21.)  To the extent the document contains any new evidence, *i.e.*, information about the October 2011 medical note, the Appeals Council considered the evidence.  The document itself, however, is not newly submitted evidence that would have changed the ALJ's decision.  It is a letter informing plaintiff of the action taken by the Appeals Council, including the consideration of the October 2011 medical note.  For all of these reasons, the July 18, 2013 document does not justify remanding this action under sentence six.

The Commissioner does not contend that the administrative record contains the other documents that plaintiff seeks to enter into evidence.  But copies of portions of the Code of Regulations do not constitute new evidence.  And even if the Court were to consider the documents as evidence, plaintiff has failed to show good cause for the purported failure to incorporate them into the record.  Nor has he shown good cause for failing to incorporate the

other documents into the record.  Consequently, a sentence six remand is not warranted to

consider this alleged new evidence.

### IV.  CONCLUSION

For the reasons explained above, the Court **DENIES** the following motions filed by

plaintiff:  Motion Evidence is Construed Collectively (Doc. 14); Motion for Evidence to be

Accepted (Doc. 20); Motion Awarding the Plaintiff Judgment (Doc. 25); and Entry of Default

(Doc. 26), which has been docketed as a Motion for Default Judgment.  It also **GRANTS IN**

**PART and DENIES IN PART** the Motion to Strike (Doc. 22) filed by the Commissioner.  The

Court hereby strikes Docs. 12, 16, 17, 19, and 21.  It otherwise denies the motion to strike.  On

its own motion, the Court strikes the supplement to Doc. 21, *i.e.*, Doc. 24.

To control the future course of this action as set forth herein, the Court sets the following

deadlines for filing and serving briefs in accordance with D. Kan. Rules 83.7.1(d) and 7.6: **On or**

**before July 2, 2014, Plaintiff shall file his one comprehensive brief.  The Commissioner**

**shall serve and file a responsive brief on or before August 1, 2014.  Following the filing of**

**that responsive brief, Plaintiff may serve and file a single reply brief on or before August**

**15, 2014.  The Court will not consider any filing that it deems to violate the one-brief or**

**one-reply limitations.  Plaintiff is admonished that all litigants, even those proceeding**

**without counsel, have an obligation to comply with orders and procedures of the Court.**

**IT IS SO ORDERED.**

Dated in Topeka, Kansas on this /0th day of June, 2014.

**Daniel D. Crabtree**
**United States District Judge**

10