IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL E. PARKER, SR.,**

    **Plaintiff,**

v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 13-CV-2372-DDC

## MEMORANDUM AND ORDER

Plaintiff, appearing before the Court *pro se*, seeks review of a decision of the Commissioner of Social Security denying disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). 42 U.S.C. §§ 416(i), 423, 1381a, & 1382c(a)(3)(A). Having reviewed the administrative record and the briefs of the parties, the Court reverses the decision of the Commissioner, orders that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), and remands the case to the agency for further proceedings consistent with this Order.

    **I. Background**

This is plaintiff's second appeal of the Commissioner's decision denying him DIB and SSI. Plaintiff applied for both DIB and SSI in August 2008, alleging disability beginning August 1, 2005. (R. 123-133) The Commissioner denied plaintiff's applications initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 12, 72-75, 97-98) The ALJ held a hearing on October 22, 2010. (R. 24) On December 21, 2010, the ALJ issued a decision finding that plaintiff had the residual functional capacity

1

("RFC") to perform his past relevant work.  (R. 18)  Alternatively, the ALJ found that other jobs that plaintiff could perform existed in the economy in significant numbers.  (R. 18-19)  Therefore, the ALJ concluded that plaintiff was not disabled within the meaning of the Act and denied his applications.  (R. 19)

After the agency Appeals Council denied plaintiff's request for review, plaintiff filed a petition for review of the Commissioner's decision with our Court.  (R. 1, 590)  On April 5, 2012, Judge Lungstrum remanded the case to the Commissioner for further consideration.  (R. 590-607)  Judge Lungstrum found that the ALJ erred because he did not consider all of the opinions presented by plaintiff at the hearing and failed to perform a function-by-function assessment of plaintiff's work-related physical limitations, both of which required remand.  (R. 607)  Following the Court's remand order, the Appeals Council vacated the December 2010 ALJ decision and instructed the ALJ to offer plaintiff a new hearing.  (R. 608-10)

The ALJ held a new hearing and plaintiff, represented by counsel, appeared at it on January 8, 2013.  (R. 545)  The ALJ heard testimony from plaintiff and a vocational expert.  (*Id.*)  On January 24, 2013, the ALJ issued his opinion, which concluded that plaintiff has not been disabled under the Act from the onset of the alleged disability in August 2008 through the date of the decision.  (R. 537-38)  Plaintiff asked the Appeals Council to review the ALJ's decision and presented new evidence, a medical opinion from plaintiff's treating physician, Dr. S.R. Reddy Katta.  (R. 519)  However, the Appeals Council concluded that Dr. Katta's opinion did not provide a basis for changing the ALJ's decision and declined to assume jurisdiction of plaintiff's case.  (*Id.*)

Plaintiff commenced this action *pro se* on July 26, 2013, filing a Complaint (Doc. 1) against the Commissioner.  Plaintiff has filed numerous briefs with the Court, in violation of D.

2

Kan. Rules 7.6 and 83.7.1(d) which limit a plaintiff to one Social Security brief. As a result, the Court in a June 10, 2014 Order struck several filings made by plaintiff (Doc. 29). The Court ordered plaintiff to file a conforming, responsive brief on or before July 2, 2014. Plaintiff filed his Social Security Brief (Doc. 31) on June 16, 2014, to which the Commissioner responded on August 1, 2014 (Doc. 33). Plaintiff filed his reply brief on August 4, 2014 (Doc. 34).

### II.  Legal Standard

Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence that a reasonable mind might accept to support a conclusion. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir. 1988). The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett*, 862 F.2d at 804-05; *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or last for a continuous period of at least twelve months. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); *see also Knipe v. Heckler*, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); *accord Lax*, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be sufficiently severe that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows "a five-step sequential evaluation process to determine disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (discussing 20 C.F.R. § 404.1520 (governing claims for DIB) and § 416.920 (governing claims for SSI)). As summarized by the Tenth Circuit, this familiar five-step process is as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments . . . . At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or] her from performing [his or] her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether [he or] she possesses the sufficient residual functional capability ["RFC"] to perform other work in the national economy.

*Wall*, 561 F.3d at 1052 (citations and internal quotation marks omitted); *accord* 20 C.F.R. § 404.1520(b)-(g). The claimant has the "burden of proof on the first four steps," but the burden

shifts to the Commissioner "at step five to show that claimant retained the RFC to 'perform an alternative work activity and that this specific type of job exists in the national economy.'" *Smith v. Barnhart*, 61 F. App'x 647, 648 (10th Cir. 2003) (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).  This analysis terminates if the Commissioner determines at any point that the claimant is or is not disabled.  *Casias*, 933 F.2d at 801.

Because plaintiff proceeds *pro se*, the Court construes his pleadings, motions, briefs, and memoranda liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. Discussion

The ALJ found that plaintiff has the RFC "to perform a limited range of light work activities as defined in 20 CFR 404.1567(b) and 416.967(b)."  (R. 531)  The ALJ found that plaintiff is "able to perform light exertional activities," but noted two primary limitations: (1) plaintiff "must avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity in addition to fumes, odors, dusts, gases, and poor ventilation"; and (2) plaintiff "has a moderate concentration impairment related to pain, defined as precluding semi-skilled or skilled work activity."  (*Id.*)  He concluded that "the evidence suggests that [plaintiff] has been able to sit and stand/walk for up to six hours (each)."  (R. 533)

20 C.F.R. §§ 404.1567(b) and 416.967(b) define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

"Light work" therefore includes sedentary work—the regulations state that a light work job can "involv[e] sitting most of the time . . . ." *Id.*

Plaintiff argues the ALJ erred because he did not consider properly the opinion of Dr. Katta, plaintiff's treating physician, which plaintiff submitted to the Appeals Council after the ALJ issued his opinion. Specifically, plaintiff asserts that Dr. Katta's opinion concludes that plaintiff cannot sit for long periods of time. Because some "light work" requires significant amounts of sitting, plaintiff argues that the ALJ improperly overlooked a limitation that precludes plaintiff from performing "light work."

Dr. Katta's October 10, 2011 opinion states, plaintiff "can do [a] sitting kind of job, but he should be at liberty to get up and move around, not being in one particular position sitting or standing . . . ." (R. 681) Dr. Katta also opined, "I'm not sure it's a good idea for him to sit for long periods driving." (*Id.*) The Appeals Council noted Dr. Katta's opinion, but concluded, without explanation, that it did not provide a basis for changing the ALJ's decision. (R. 519)

### A. Dr. Katta's Opinion is Part of the Administrative Record

20 C.F.R. §§ 404.970(b) and 416.1470(b) expressly authorize a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). If the evidence "relates to the period on or before the date of the [ALJ] hearing decision," the Appeals Council "shall evaluate the entire record including any new and material evidence submitted . . . [and] then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). "A claimant need not show 'good cause' before submitting the new evidence to the Appeals Council." *O'Dell*, 44 F.3d at 858.

The new evidence becomes part of the administrative record that the Court must consider when evaluating the Commissioner's decision for substantial evidence.  *Id.* at 859.

The Court finds that Dr. Katta's opinion is new and material—it was not presented to the ALJ, and it provides evidence of disability from a physician who treated plaintiff.  Dr. Katta's opinion is dated October 2011, so it predates the ALJ's decision and thus "relates to the period on or before the date of the [ALJ] hearing decision."  *Id.* at 858.  Thus, Dr. Katta's opinion is part of the administrative record.

### B.  Standard for Evaluating Dr. Katta's Opinion

Because Dr. Katta treated and evaluated plaintiff, he is a "treating source" under the Act.  20 C.F.R. § 404.1527(c).  In the normal case—when a claimant presents a treating source opinion like Dr. Katta's to the ALJ before a hearing—the ALJ must conduct an analysis of that opinion under the framework set forth in 20 C.F.R. § 404.1527(c).  Specifically, the ALJ must give the opinion controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  *Id.*  The ALJ must consider these two factors when determining whether a treating physician's medical opinion "is conclusive, i.e., is to be accorded 'controlling weight,' on the matter to which it relates."  *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citation omitted).  First, the ALJ must consider whether such an opinion is well-supported.  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  If it has adequate support, then the ALJ must "confirm that the opinion is consistent with other substantial evidence in the record."  *Id.*  An ALJ "may decline to give controlling weight to the opinion of a treating physician where he articulate[s] specific, legitimate reasons for his decision."  *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (citation and internal quotation marks omitted).

The ALJ's inquiry does not end with determining that a medical opinion does not deserve controlling weight.  *See Krauser*, 638 F.3d at 1330; *Watkins*, 350 F.3d at 1300.

> Even if a treating opinion is not given controlling weight, it is still entitled to deference; at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned.

*Krauser*, 638 F.3d at 1330; *accord Watkins*, 350 F.3d at 1300–01.

Unlike the typical case, however, plaintiff did not provide Dr. Katta's opinion to the ALJ before the ALJ hearing.  Rather, plaintiff waited until after the ALJ issued his decision, submitting it for the first time to the Appeals Council.  In the Tenth Circuit the question of whether the Appeals Council must conduct a treating physician analysis of a medical source statement submitted as new evidence on appeal "does not appear to be settled . . . ." *Stills v. Astrue*, 476 F. App'x 159 (10th Cir. 2012).  Instead, the Tenth Circuit has used two different approaches.

In *Martinez v. Astrue*, the Tenth Circuit held that the Appeals Council need not conduct an analysis of new evidence consisting of a treating physician's opinion when the Appeals Council states that it has reviewed the evidence and found it provides no basis for changing the ALJ's decision.  389 F. App'x 866, 868-69 (10th Cir. 2010).  However, in *Harper v. Astrue*, decided just one year after *Martinez*, the Tenth Circuit took the opposite view, holding that where both the ALJ and the Appeals Council failed to conduct a proper treating physician analysis, a court must remand for the agency to fully assess the evidence.  428 F. App'x 823, 827 (10th Cir. 2011).

The district courts within the Circuit have split on whether to follow the *Martinez* or *Harper* approach on how to consider new evidence presented to the Appeals Council.  The most

recent decisions confronted with this issue have followed *Harper* in holding that the Appeals Council must apply the treating physician analysis under 20 C.F.R. § 404.1527(c) when presented with a new treating physician medical opinion. *E.g.*, *Woodrow v. Colvin*, No. 12-CV-3356, 2014 WL 335075, at *4 (D. Colo. Jan. 28, 2014); *Reel v. Colvin*, No. 12-4153, 2014 WL 298055, at *3 (D. Kan. Jan. 28, 2014); *Bolden v. Colvin*, No. 12-CV-503, 2014 WL 63926, at *5 (N.D. Okla. Jan. 8, 2014); *Roland v. Colvin*, No. 12-2257, 2013 WL 4401880, at *6 (D. Kan. Aug. 15, 2013). Failure to do so requires remand. *E.g.*, *Woodrow*, 2014 WL 335075, at *6.

Other courts have followed *Martinez* in holding held that the Appeals Council is not required to discuss in detail the new evidence submitted to it on appeal when it declines review of the ALJ's decision. *E.g.*, *Beardsley v. Colvin*, No. CIV-12-760, 2013 WL 3992253, at *3 (W.D. Okla. Aug. 2, 2013); *Burger v. Astrue*, No. 12-CV-0102, 2013 WL 1222371, at *4 (D. Colo. Mar. 26, 2013); *Davison v. Astrue*, No. 11-1226, 2012 WL 4214895, at *4 (D. Kan. Sept. 18, 2012); *Johnson v. Astrue*, No. 11-CV-188, 2012 WL 2886687, at *7 (N.D. Okla. July 13, 2012). A court following *Martinez* generally considers the new evidence presented to determine if "substantial evidence" still supports the Commissioner's decision. *E.g.*, *Beardsley*, 2013 WL 3992253, at *4.

A plain reading of Dr. Katta's opinion—that plaintiff "can do [a] sitting type job, but he should be at liberty to get up and move around, not being in one particular position sitting or standing"—reveals that it is inconsistent with the ALJ's finding that plaintiff can work in a job that requires sitting for six hours. (R. 681) The Commissioner argues that the ALJ did not approve plaintiff for work that involved long periods of sitting, but the Court disagrees. The ALJ found that plaintiff has the RFC "to perform a limited range of light work activities" with the only limitations being avoidance of certain physical environments like extreme heat or cold and a

moderate concentration impairment due to pain. (R. 531) "Light work" includes "sedentary work, unless there are additional limiting factors such as . . . inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ did not find that plaintiff was unable to sit for long periods of time, which clashes with Dr. Katta's opinion that plaintiff needs freedom to "get up and move around" at work. (R. 681)

Although this issue has not been settled, the trend by the district courts in this Circuit has been to follow the *Harper* approach and remand the case when the Appeals Council fails to conduct a treating physician analysis on a medical opinion presented for the first time on appeal. Here, Dr. Katta's opinion is inconsistent with the ALJ's RFC finding. As a result, the Court, in an abundance of caution, remands the case for the Commissioner to consider Dr. Katta's opinion under the treating physician framework.

### IV. Conclusion

Based on the above analysis, the Court reverses and remands the Commissioner's decision. The Court directs that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g), reversing the Commissioner's decision and remanding the case for further proceedings consistent with this order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Commissioner's decision denying plaintiff disability insurance benefits and supplemental security income is **REVERSED** and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case to the agency for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**Dated this 30th day of September, 2014, at Topeka, Kansas.**

<pre>                                        <u>s/ Daniel D. Crabtree    </u>
                                        **Daniel D. Crabtree**
                                        **United States District Judge**</pre>